IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARMANDO GARCIA DE LA CRUZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-3846-D |
| VS. | § | |
| | § | |
| CONRAD M. GRABER, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

After making an independent review of the pleadings, files, and records in this case, and the March 11, 2015 findings, conclusions, and recommendation of the magistrate judge, and having considered plaintiff's objections filed on March 19, 2015 and April 1, 2015, the court concludes that the magistrate judge's findings and conclusions are correct. It is therefore ordered that the findings, conclusions, and recommendation of the magistrate judge are adopted. The court grants plaintiff Armando Garcia De la Cruz's ("De la Cruz's") February 20, 2015 and February 26, 2015 motions to amend pleadings, denies his March 19, 2015 motion for reconsideration, and denies without prejudice as moot his February 26, 2015 motion to request status of case.[*]

Although the court agrees with the magistrate judge's recommendation that the claims against the FCI-Seagoville defendants be dismissed, the court deems it appropriate to provide some additional explanation because it is granting De la Cruz the opportunity to replead his case.

---

[*] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

On March 19, 2015 De la Cruz filed in this court a motion for reconsideration concerning the six FCI-Terminal Island defendants: Conrad M. Graber, John Doe, Mrs. Lopez, Dr. Mark Dag, Eric Bradford and Dr. Leslie E. Charles. On November 4, 2014, however, his original claims regarding his treatment at FCI-Terminal Island were severed and transferred from this court to the Central District of California. When a case is transferred to a transferee district court, the transferor court loses all jurisdiction over the case. *See, e.g., Auto. Body Parts Ass'n v. Ford Global Techs., LLC*, 2015 WL 1517524, at *1 (E.D. Tex. Apr. 2, 2015) (quoting *Schwartz v. Curtis*, 2008 WL 4467560, at *1 (S.D. Tex. Oct. 2, 2008)). "The date the papers in the transferred case are docketed in the transferee court . . . forms the effective date that jurisdiction in the transferor court is terminated." *Id.* (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 (10th Cir. 1991) (internal citations omitted); *see generally In re Sw. Mobile Homes, Inc.*, 317 F.2d 65 (5th Cir. 1963) (per curiam) (holding that district court lost jurisdiction once transfer was complete); 15 Charles Alan Wright, et al., *Federal Practice and Procedure* § 3846, at 90 (4th ed. 2013) ("When a motion for transfer under 28 U.S.C.A. § 1404(a) is granted and the papers are lodged with the clerk of the transferee court, the transferor court and the appellate court for the circuit in which that court sits lose jurisdiction over the case and may not proceed further with regard to it."). Because the actions against the FCI-Terminal Island defendants have already been transferred to the Central District of California, this court does not have the authority or jurisdiction to grant De la Cruz's motion for reconsideration, and it denies the motion.

II

The court agrees with the magistrate judge that De la Cruz's claims against the FCI-Seagoville defendants should be dismissed. Because the court is granting De la Cruz the opportunity to replead, it will provide an additional explanation for its decision.

De la Cruz alleges that Dr. Capps, Dr. Duckworth, and Ronda Hunter ("Hunter") violated his constitutional rights by their deliberate indifference to his medical needs. In addition to satisfying the standard that the magistrate judge cites, to establish deliberate indifference under the Eighth Amendment, De la Cruz must plead a plausible claim that defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dept't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). The Eighth Amendment deliberate indifference standard is extremely high. *Id*. Evidence such as "medical records of sick calls, examinations, diagnoses and medications may rebut an inmate's allegations of a prison official's deliberate indifference to the inmate's substantial risk of serious harm." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Banuelos v. McFarland*, 41 F.3d 232, 235 n.24 (5th Cir. 1995)). The following claims that De la Cruz includes in his present pleading are not plausibly alleged because he has failed to adequately plead deliberate indifference:

First, De la Cruz alleges that after he arrived at FCI-Seagoville, Drs. Capps and Duckworth failed to provide him with pain medication for three months after he told them of his condition and requested medication numerous times. The magistrate judge's findings, conclusions, and recommendation rebut this claim of deliberate indifference.

Second, De la Cruz alleges that defendants refused to give him a myelography test. The magistrate judge's findings, conclusions, and recommendation, together with evidence that this test was actually given on June 19, 2014, rebuts this claim of deliberate indifference.

Third, De la Cruz alleges that Drs. Capps and Duckworth failed to provide him with physical therapy. But his own evidence shows that Dr. Duckworth made repeated requests, approved and signed for De la Cruz to have physical therapy.

Fourth, in his objections, De la Cruz asserts that he has yet to receive night splints or shin braces, but admits that he has been given AFO braces and was measured for new refitted braces. This evidence renders implausible his deliberate indifference claim.

Fifth, in his objections, De la Cruz asserts that Drs. Capps and Duckworth and Hunter did not allow him to see back specialists. But the record reflects that he was seen by a neurologist on September 10, 2012, had a neurology consultation for EMG and nerve conduction on December 17, 2012, and was examined at the Western Institute of Neurology by Dr. Ahmed Elsehety on May 6, 2013.

De la Cruz also fails to plead plausible claims when referring to "medical staff" regarding his braces, wheelchair with shock absorbers, and pillows. "Plaintiffs, even those proceeding in forma pauperis, have a duty to provide information sufficient to identify the defendants." *Gonzales v. Lew Sterrett Dall. Cnty. Jail*, 2008 WL 4921428, at *3 (N.D. Tex. Nov. 13, 2008) (Fitzwater, C.J.). De la Cruz's sole references to "medical staff" are insufficient to plead a plausible claim against any particular defendant.

De la Cruz also alleges that Drs. Capps and Duckworth and Hunter were deliberately indifferent to his medical needs due to their "actions or inadequate actions on 8-12-2012." P. Objs. 3.  Because it is unclear what conduct he is referring to, this allegation is also insufficient.

III

Although the court is adopting the magistrate judge's findings, conclusions, and recommendation, it will give De la Cruz one last, fair opportunity to plead his best case.  *See, e.g., Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *1 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.) ("Although the court granted Merrill Lynch's motion to dismiss, it gave Robinette one more opportunity to plead his best case, because he was proceeding *pro se*.").  As this court wrote in *Barber v. G.H. Rodgers*, No. CA3-84-1750-D, slip op. at 7 (N.D. Tex. Sept. 13, 1988) (Fitzwater, J.), and has cited in subsequent rulings:

> [T]he court must decide whether to dismiss the complaint or permit plaintiff one more opportunity to plead his best case.  For two reasons, the court concludes that plaintiff should be permitted one more chance to replead.  First, orders that grant motions to dismiss, especially in *pro se* civil rights cases, have a high mortality rate when they reach the circuit court. This court is bound to follow the jurisprudence of the circuit, which evinces a strong tendency to permit *pro se* litigants several attempts to plead a claim upon which relief can be granted.  By outlining in this opinion the deficiencies of plaintiff's amended complaint, if plaintiff nevertheless cannot . . . amend to satisfy the heightened pleading requirements, the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due.

*Scott v. Byrnes*, 2008 WL 398314, *1-2 (N.D. Tex. Feb. 13, 2008) (quoting *Sims v. Tester*, 2001 WL 627600, *2-3 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.)).

Accordingly, within 28 days of the date this memorandum opinion and order is filed, De la Cruz must file an amended complaint, if he can, that states a claim on which relief can be granted against a specifically identified defendant.

* * *

The court adopts the March 11, 2015 findings, conclusions, and recommendation of the magistrate judge. De la Cruz's February 20, 2015 and February 26, 2015 motions to amend pleadings are granted, his March 19, 2015 motion for reconsideration is denied, and his February 26, 2015 motion to request status of case is denied without prejudice as moot.

**SO ORDERED**.

July 24, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE