UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ARMANDO GARCIA DE LA CRUZ,** | No. LA CV 16-01294 VBF (AS) |
| **Plaintiff**, | ORDER |
| v. | **Dismissing the Action With Prejudice** for Lack of Prosecution and Failure to Comply With Court Order; |
| JOHN DOE (FCI Terminal Island), | Directing Entry of Separate Final Judgment |
| Conrad M. Gruber (Warden at FCI Terminal Island), and | Terminating and Closing the Action (JS-6) |
| Ms. Lopez (Medical Administrator for FCI Terminal Island), | |
| Defendants. | |

Proceeding *pro se*, federal prisoner Armando Garcia De La Cruz ("plaintiff") initiated this 42 U.S.C. § 1983 civil-rights action in August 2014 by filing the original complaint in the U.S. District Court for the District of Nebraska. *See* Case Management / Electronic Case Filing ("CM/ECF") System Document ("Doc") 1. The original complaint asserted claims against employees at various federal prisons, including FCI Terminal in San Pedro, California. The Nebraska district court issued an Order on August 12, 2014 (Doc 7) granting plaintiff De La Cruz's application for in forma pauperis. On September 16, 2014, the Nebraska district court issued an Order (Doc 11) denying plaintiff's application for an interpreter at taxpayer expense.

## PROCEEDINGS IN NORTHERN DISTRICT OF TEXAS, 2014 - FEB. 2016

On August 24, 2014, the Nebraska district court transferred the action to the United States District Court for the Northern District of Texas ("the Texas court"). On December 9, 2014, the Honorable Paul D. Stickney, United States Magistrate Judge, issued an Order (Doc 21) denying plaintiff de La Cruz's motion for appointment of counsel without prejudice as premature buy granting him leave to file an amended complaint. Magistrate Judge Stickney issued another Order granting leave to amend the complaint on January 6, 2015 (Doc 25). On July 24, 2015, District Judge Fitzwater of the Texas court issued another Order granting leave to amend the complaint (Doc 34).

In August 2015, plaintiff filed another motion for appointment of counsel (Doc 38), which Magistrate Judge Stickney denied by Order issued on September 2, 2015 (Doc 40).

Consistent with a November 4, 2014 Order by Magistrate Judge Stickney (Doc 18), a District Judge on the Texas court issued an Order on February 24, 2016 severing the claims relating to the Terminal Island defendants under Fed. R. Civ. P. 21 and transferring only those claims here pursuant to 28 U.S.C. section 1406(a). *See* Docs 50 and 51. This case was transferred from the Texas court to this Court on February 25, 2016 and assigned to the undersigned District Judge and Magistrate Judge Alka Sagar, *see* Docs 52 and 53.

## PROCEEDINGS IN THIS COURT, 2016

On March 15, 2016, Magistrate Judge Sagar issued an Order dismissing the complaint without prejudice (Doc 54) and permitting plaintiff to file a first amended complaint within thirty days. With an extension of time granted by the Magistrate Judge (Docs 55-56), plaintiff timely filed the first amended complaint on May 20, 2016 (Doc 57).

**On July 26, 2016, Magistrate Judge Sagar issued an Order dismissing the FAC without prejudice and permitting plaintiff to file a second amended complaint ("SAC") (Doc 58). As is common practice throughout our circuit, the Order (Doc 59) warned plaintiff that the Court would dismiss this action if he failed to file a suitable SAC within thirty calendar days, i.e., by Thursday, August 25, 2016.**

      **The August 25, 2016 deadline elapsed two and a half weeks ago, and plaintiff has neither filed an SAC nor sought an extension of time in which to do so.** Accordingly, the Court finds that plaintiff has failed to prosecute this action with reasonable diligence, and that dismissal <u>with</u> prejudice is appropriate under the standard that the Ninth Circuit has set forth for lack-of-prosecution sanctions by in *Carey v. King* , 856 F.2d 1439 (9th Cir. 1988) and *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992).

      **The first two *Carey* factors weigh heavily in favor of dismissal:** the first factor, "the public's interest in expeditious resolution of litigation[,] always favors dismissal", *Lynch v. Barber*, 2016 WL 4719888, *1 (C.D. Cal. Sept. 7, 2016) (David Carter, J.) (citing *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)), and plaintiff De La Cruz has provided no explanation for his failure to file a second amended complaint or at least seek an extension of time in which to file one.

      **"The third *Carey* factor also weighs in favor of dismissal,** because a rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action." *Lynch*, 2016 WL 4719888 at *2 (citing *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant.")). "Nothing suggests that the presumption of prejudice is unwarranted here, given that Plaintiff has offered no explanation of any kind for failing to comply with the Court's orders despite being given the opportunity to justify his inaction and delay." *Lynch*, 2016 WL 4719888 at *2 (citing *Yourish*, 191 F.3d at 991-92).

      **The fourth *Carey* factor, the public policy favoring disposition of cases on their merits, does not weigh against dismissal under the circumstances.** "[I]t is a plaintiff's responsibility to move a case towards a merits disposition at a reasonable pace and to avoid dilatory and evasive tactics", *Lynch*, 2016 WL 4719888 at *2 (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)), and "[p]laintiff has not discharged this responsibility", *Lynch*, 2016 WL 4719888 at *2. Therefore, "the generalized public policy favoring resolution of cases on their merits is insufficient to excuse Plaintiff's specific failure to comply with court orders and

1  reasonably move the case forward to an ultimate merits disposition." *Lynch*, 2016 WL 4719888
2  at \*2.  **Finally, the fifth *Carey* factor favors dismissal as well,** because the Court finds that no
3  sanction short of dismissal with prejudice would suffice to deter continued noncompliance with
4  court order and induce plaintiff to prosecute this action with reasonable diligence.  Dismissal
5  *without* prejudice, after all, proved insufficient to achieve either end, and there is no reason to
6  think that a monetary sanction would suffice.

7  Thus, the Court will dismiss the action *with* prejudice due to plaintiff's continued non-
8  compliance with court order and continue failure to prosecute this action with reasonable
9  diligence. *See Benjamin North v. Persons*, No. LA CV 14-00847-VBF-AFW, 2016 WL 4162359,
10 \*1 (C.D. Cal. Aug. 2, 2016) ("This Court warned plaintiff in its May 20, 2016 Order that if he did not
11 'file a timely motion to reinstate this action, the instant dismissal of this action may be converted to a
12 dismissal with prejudice . . . on Monday, July 25, 2016 without further opportunity for objection or
13 argument' . . . .  The Court will now do precisely what it warned it would do: dismiss the action <u>with</u>
14 prejudice.") (record citation omitted), *judgment entered*, 2016 WL 4134490 (C.D. Cal. Aug. 2, 2016).

### ORDER

This action is **DISMISSED <u>with</u> prejudice** due to plaintiff's lack of prosecution.

This action is **TERMINATED and closed (JS-6).**

Final judgment shall be entered consistent with this Order.  As required by Federal Rule of Civil Procedure 58(a), the judgment will be entered by separate document.

This order may be immediately appealed to the U.S. Court of Appeals for the Ninth Circuit.

DATED:  Monday, September 12, 2016

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
Senior United States District Judge